UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Select Comfort Corporation,**         Case No. 13-CV-2314 (SRN/JJK)

    **Plaintiff/Counterdefendant,**

v.                                      ORDER

**Gentherm, Inc., f/k/a Amerigon, Inc.,**

    **Defendant/Counterclaimant.**

___

Andrew S. Hansen and Archana Nath, Oppenheimer Wolff & Donnelly LLP, 222 S. 9th St., Ste. 2000, Minneapolis, MN 55402, for Plaintiff/Counterdefendant

Jared C. Bunker, Knobbe, Martens, Olson & Bear, LLP, 2040 Main St., 14th Floor, Irvine, CA 92614; and Laura Mitchell Friedemann, Fredrikson & Byron, PA, 200 S. 6th St., Ste. 4000, Minneapolis, MN 55402, for Defendant/Counterclaimant
___

SUSAN RICHARD NELSON, United States District Court Judge

    This matter is before the Court on Plaintiff's Motion to Limit the Number of Asserted Claims [Doc. No. 52] and Defendant's Motion to Limit the Number of Asserted Prior Art References and Claim Terms for Construction [Doc. No. 61]. At the October 2, 2014 hearing on the parties' motions, the Court ruled from the bench, granting Plaintiff's motion in part, denying Plaintiff's motion in part, and denying without prejudice Defendant's motion. This Order memorializes these rulings.

    In this patent suit, Plaintiff Select Comfort Corporation ("Select Comfort") seeks declarations of non-infringement and invalidity with respect to certain patents held by

Defendant Gentherm, Inc., f/k/a Amerigon, Inc. ("Gentherm"), as well as the correction of inventorship regarding eight Gentherm patents. (Second Am. Compl. ¶¶ 59-73 [Doc. No. 25].) In Defendant Gentherm's counterclaims, it alleges that Select Comfort infringes five of Gentherm's patents. (Answer & Countercl. to Second Am. Compl. ¶¶ 21-82 [Doc. No. 28]; Order of 3/7/14 [Doc. No. 43].)

In the interest of case management and judicial economy, Select Comfort moves to limit the number of asserted claims arising under Gentherm's five patents to no more than ten claims. (Pl.'s Mem. Supp. Mot. to Limit Claims at 25-26 [Doc. No. 54].) While Gentherm is generally amenable to some limitations, it proposes a limit of up to 15 claims, consisting of up to four representative claims from each of the asserted patents. (Def.'s Opp'n Mem. at 14-15 [Doc. No. 59].)

The Federal Circuit has held that district courts possess the authority and discretion to reasonably limit the number of claims asserted in patent infringement actions, subject to due process considerations. In re Katz Interactive Call Processing Patent Litig., 639 F.3d 1303, 1313 (Fed. Cir. 2011). Citing judicial economy, this Court has limited the number of a patentee's asserted claims to a reasonable number. See, e.g., 3M Co. & 3M Innovative Props. Co. v. Moldex-Metric, Inc., No. 03-CV-05292 (MJD/AJB) at *3-6 (D. Minn. Aug. 20, 2007), Ex. 11 to Nath Aff. [Doc. No. 55-11]. Other courts have likewise reduced the number of asserted claims in patent infringement suits on similar grounds. Medtronic Minimed, Inc. v. Animas Corp., No. CV 12-04471, 2013 WL 3322248, at *2 (C.D. Cal. Apr. 5, 2013) (limiting asserted patent claims from 255 to four claims per

patent before non-infringement and invalidity contentions, then ultimately to two claims per patent); Masimo Corp. v. Philips Elecs. N. Am. Corp., 918 F. Supp. 2d 277, 282-84 (D. Del. 2013) (reducing the number of asserted claims from 95 to thirty before claim construction and dispositive motions); Thought, Inc. v. Oracle Corp., No. 12-cv-05601-WHO, 2013 WL 5587559, at *4-10 (N.D. Cal. Oct. 10, 2013) (streamlining the number of claims from 102 to 32, and then up 16 total after claim construction); Round Rock Research, LLC v. Dell Inc., No. 4:11-CV-332, 2012 WL 8017390, at *5-6 (E.D. Tex. Mar. 26, 2012) (reducing the claims from 82 to 40, arising under ten patents); Adobe Sys. v. Wowza Media Sys. LLC, No. 11-CV-02243-JST, 2013 WL 9541126, at *1 (N.D. Cal. May 6, 2013) (limiting plaintiff to twenty asserted claims).

With respect to prior art, Gentherm moves to limit Select Comfort's number of prior art references and claim terms for construction, should the Court grant Select Comfort's motion for a limitation of ten claims. (Def.'s Mem. Supp. Mot. to Limit Prior Art at 9 [Doc. No. 63].) Select Comfort, however, asserts that its 17 prior art references are not excessive. (Pl's Opp'n Mem. at 1-2 [Doc. No. 69].) Moreover, Plaintiff contends that Defendant's request for a reduction in prior art references at this time, and given the current posture of the case, is not supported by case law or the Local Rules. (Id.)

Regarding a limit on the number of asserted claims, courts commonly require such limits in order to streamline cases and to enhance judicial efficiency, as noted above. These reasons are likewise relevant here; therefore, the Court grants Plaintiff's motion in part as to limiting the number of asserted claims. While Plaintiff requests a limit of ten

claims, the Court accepts the fifteen-claim limit proposed by Gentherm.  Plaintiff's motion is therefore denied in part with respect to the number of claims.   Within two weeks of the October 2, 2014 hearing date, Gentherm shall redesignate its asserted claims, limited to 15 claims total, consisting of up to four representative claims from each of the asserted patents.

As to Gentherm's motion to limit Select Comfort's prior art references, Gentherm offers little authority for such a limitation prior to a reduction in claims.  The Court therefore denies Gentherm's motion without prejudice.  After Gentherm has redesignated its claims, as directed above, Select Comfort shall reassert its prior art references, within three weeks, as it deems appropriate.  The parties shall then meet and confer to resolve any differences.  If the parties are unable to resolve their areas of disagreement, they shall contact Magistrate Judge Keyes to resolve any disputes, via status conference or formal motion.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Limit the Number of Asserted Claims [Doc. No. 52] is **GRANTED in part and DENIED in part** consistent with this Order; and

2. Defendant's Motion to Limit the Number of Asserted Prior Art References and Claim Terms for Construction [Doc. No. 61] is **DENIED WITHOUT PREJUDICE**.

Dated:   October 3, 2014

                                          <u>s/Susan Richard Nelson</u>
                                          SUSAN RICHARD NELSON
                                          United States District Court Judge